UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERONDA GARNER,

    Plaintiff,                           No. 06-13318

v.                                    Magistrate Judge R. Steven Whalen

GRENADIER LOUNGE, ET.AL.,

    Defendants.
_____/

## OPINION AND ORDER RE: ATTORNEY FEES

On July 15, 2008, this Court entered judgment in favor of the Plaintiff and against all Defendants, jointly and severally, in the amount of $62,373.00. Judgment was also entered in favor of the Plaintiff and against Defendants Marracci Temple and Grenadier Lounge in the additional amount of $1,000.00. On July 28, 2008, Plaintiff filed a timely motion for attorney fees and interest and for entry of amended judgment [Docket #26]. Defendants have not filed a response in opposition. For the reasons discussed below, the motion will be GRANTED.

### I. LEGAL PRINCIPLES

42 U.S.C. § 2000e-5(k) provides for an award of attorney fees to a prevailing Plaintiff in a Title VII employment discrimination case. Attorney fees awarded under this section must be reasonable. As the Supreme Court noted in *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), "[t]he most useful starting point for determining the amount of a *reasonable* fee is the number of hours *reasonably* expended on the litigation multiplied by a *reasonable* hourly rate." (Emphasis added). In *Glass v. Secretary of HHS*, 822 F.2d 19, 21 (6th Cir. 1987), the Sixth Circuit, citing *Coulter v.*

*State of Tennessee*, 805 F.2d 146, 149 (6th Cir. 1986), recognized "that the rate-times-hours method of calculation, also known as the 'lodestar' approach, includes most, if not all, of the factors relevant to determining a reasonable attorney's fee."  Once the lodestar is calculated, the fee may be adjusted in consideration of a number of factors, including "(1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases."  *Disabled Patriots of America, Inc. v. Taylor Inn Enterprises, Inc.*, 424 F.Supp.2d 962, 965-66 (E.D. Mich. 2006), quoting *Doran v. Corte Madera Inn Best Western,* 360 F.Supp.2d 1057, 1061 (N.D. Cal. 2005); *Rawlings v. Prudential-Bache Properties, Inc.*, 9 F.3d 513, 516 (6th Cir. 1993).

While a prevailing lawyer is deserving of a reasonable fee, he or she is not entitled to a windfall at the Defendant's expense.  *See Coulter v. State of Tennessee, supra*, 805 F.2d at 149 ("Legislative history speaks of 'fees which are adequate to attract competent counsel, but which do not produce windfalls,'..and cautions against allowing the statute to be used as a 'relief fund for lawyers'")(internal citations to Congressional Record omitted).  Ultimately, the decision whether and in what amount to award attorney fees is addressed to the court's discretion. 15 U.S.C. §2310(d)(2); *see Dillery v. City of Sandusky*, 398 F.3d 562, 569 (6th Cir. 2005).

## II. DISCUSSION

### A. The Hourly Rate

In determining a reasonable hourly rate, "courts should look to the hourly rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Fuhr v. School Dist. of Hazel Park*, 364 F.3d 753, 762 (6th cir. 2004). However, the court retains broad discretion to determine what constitutes a reasonable hourly rate. *Id.; Wells v. New Cherokee Corp.*, 58 F.3d 233, 239 (6th Cir. 1995).

Plaintiff has submitted portions of a Michigan Lawyers Weekly directory, setting forth the hourly billing rates for some of the area's large law firms. The rates range from $220 per hour to $580 per hour. While this directory does not break down the rates by specialization, size of firm or years in practice, Michigan Lawyers Weekly did conduct a more detailed survey of the economics of law practice in 2006. That survey indicates that the median hourly rate for an attorney with over 35 years of practice experience is $200; for a law firm of two to three attorneys, $200; for a partner in a law firm of between two and seven partners, $203; for a specialist in corporate and business law, $225; and for a general practice attorney, $175.

In *Disabled Patriots of America, Inc. v. Taylor Inn Enterprises, Inc.*, 424 F.Supp.2d 962 (E.D.Mich. 2006), a case of similar complexity brought under the Americans with Disabilities Act, I found that an hourly rate of $300 was reasonable for lead counsel. In *Leyva v. Coachman*, E.D. Mich. No. 04-40171, a case brought under the Magnuson-Moss Warranty Act (MMWA), I allowed an hourly rate of $250 for one of the most experienced consumer protection plaintiff's attorneys in the state.

Plaintiff's counsel, Mr. Niskar, is undoubtedly a skilled and experienced attorney

in the field of employment law. However, his requested rate of $350 per hour is somewhat high in comparison to the average or typical rates charged by smaller law firms in similar cases. Furthermore, as discussed below, while in general an employment discrimination case requires a certain degree of specialization and expertise, this particular case never went to trial on the merits, and was considerably less complex than the typical Title VII case. Under the totality of the circumstances, I find that $275 is a more reasonable hourly rate, and more in line with awards of attorney fees in similar cases.

## B. Number of Hours Expended

Plaintiff's counsel has submitted a time sheet detailing 94.7 hours of attorney time, utilizing a .2 hour billing increment, claimed to be "a standard minimum billing increment." At $275 per hour, .2 hours would be $55. A .2 hour minimum increment may or may not be standard; however, in determining the reasonableness of attorney fees, the Court is concerned with numerous .2 hour billings for routine administrative or clerical tasks, for example, $55 for ECF filing of a proof of service or reviewing an email confirmation of a court receipt. Not only would these tasks normally consume a matter of seconds, but they would ordinarily be performed by secretarial or non-legal staff, not a $275 per hour attorney. Likewise, the preparation of civil cover sheets and summonses (*see* entries for July 21, 2006) could well be performed by clerical or secretarial staff.

In addition, it is worth pointing out that this case never went to trial on the merits; rather, summary judgment was granted to the Plaintiff based on Defendants' failure to timely answer requests to admit. No depositions were taken, and there was no extensive discovery or pretrial motion practice. The evidentiary hearing on damages was relatively brief, and Plaintiff will be granted attorney fees associated with preparing for and

conducting that hearing. The prosecution of this case was significantly less complex that a typical Title VII case that goes to trial on the merits.

In exercising its discretion in reducing a request for attorney fees, "the district court is not required to set forth an hour-by-hour analysis of the fee request. *See, e.g., Jacobs v. Mancuso,* 825 F.2d 559, 562 (1st Cir.1987); *In re 'Agent Orange' Product Liability Litigation,* 818 F.2d 226, 237-38 (2d Cir.1987) ('no item-by-item accounting of the hours disallowed is necessary or desirable'); *Ohio-Sealy Mattress Mfg. Co. v. Sealy Inc.,* 776 F.2d 646, 657-58 (7th Cir.1985)." *Gates v. Deukmejian*, 987 F.2d 1392, 1397 - 1399 (9th Cir.1992). Rather, "the district court has the authority to make across-the-board percentage cuts either in the number of hours claimed or in the final lodestar figure as a practical means of trimming the fat from a fee application." *Id*., 987 F.2d at 1398 (internal quotation marks omitted). *See also Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998) (holding that "the court has discretion simply to deduct a reasonable percentage of the number of hours claimed 'as a practical means of trimming fat from a fee application.'") (internal citations omitted); *Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1202 -1204 (10th Cir. 1986) (affirming a reduction in claimed fees by 77%, the court states, "There is no requirement, either in this court or elsewhere, that district courts identify and justify each disallowed hour.").

Given the relative simplicity of this particular case, I find that it would be reasonable to reduce the claimed attorney hours by one-third. I will therefore grant attorney fees for 63 hours, at $275 per hour, for a total attorney fee award of **$17,325**.

### C. Costs

Plaintiff's bill of costs, totaling **$1,219.55**, encompasses reasonable and necessary costs associated with prosecuting this case, and will be granted.

**D. Interest**

The award of post-judgment interest is governed by 28 U.S.C. §1961(a), which provides that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court." Plaintiff is entitled to the same, at the rate set forth in §1961(a).

Because this case is based on federal question jurisdiction, the award of pre-judgment interest is addressed to the sound discretion of the trial court. *E.E.O.C. v. Wooster Brush Co. Employees Relief Assoc.*, 727 F.2d 566, 579 (6th Cir. 1984); *Bricklayers' Pension Trust Fund v. Taiariol*, 671 F.2d 988, 990 (6th Cir. 1982). In *Stroh Container Corp. v. Delphi Industries, Inc.*, 783 F.2d 743, 752 (8th Cir. 1986), the court stated that "prejudgment interest should ordinarily be granted unless exceptional or unusual circumstances exist making the award of interest inequitable."[1]

Prejudgment interest in a federal case is also awarded to further the remedial goals of the particular federal statute under which the case is brought. *See Bricklayers' Pension Trust Fund, supra*, 671 F.2d at 989 ("[T]he Supreme Court...[has] directed [in *Rodgers v. United States*, 332 U.S. 371, 373 (1947)] that the decision to grant or deny prejudgment interest should hinge on whether to do so would further the congressional purposes underlying the obligations imposed by the statute in question.").

Title VII is, of course, remedial in nature. An award of prejudgment interest in this case would further the remedial goals of the statute.

The rate of prejudgment interest is also discretionary with the court. *Endico Potatoes, Inc. v. CIT Group/Factoring, Inc.*, 67 F.3d 1063, 1071-72 (2nd Cir. 1995). The

---

[1] In *Bricklayers' Pension Trust Fund, supra*, 671 F.2d at 989, the Sixth Circuit held that 28 U.S.C. §1961, which provides for post-judgment interest, "does not by its silence [on prejudgment interest] bar the awarding of prejudgment interest in cases whose jurisdiction is grounded in the resolution of a federal question."

federal rate of interest set forth in 28 U.S.C. §1961(a) would be appropriate in this federal question case. *Estate of Riddle ex.rel. Riddle v. Southern Farm Bureau Life Ins. Co.*, 421 F.3d 400, 409 (6th Cir. 2005). §1961(a) provides that interest shall be calculated "at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." As set forth correctly in Plaintiff's motion, that rate is 2.21%.[2]

Accordingly, Plaintiff's motion to amend the judgment to include attorney fees, costs and interest [Docket #26] is GRANTED, as follows:

The judgment will be amended to reflect that Plaintiff is awarded attorney fees, costs and interest as provided by law;

Attorney fees will be granted in the amount of **$17,325.00**;

Costs will be granted in the amount of **$1,219.55**;

Pre- and post-judgment interest will be granted at the rate of 2.21%, compounded annually from the date of Plaintiff's termination on November 15, 2004.

SO ORDERED.

s/R. Steven Whalen<br>
R. STEVEN WHALEN<br>
UNITED STATES MAGISTRATE JUDGE

Dated: November 7, 2008

---

[2] Plaintiff's employment was terminated on November 15, 2004, approximately four years ago. The combined pre- and post-judgment interest, compounded annually at a rate of 2.21% as applied to the judgment of $62,373 against all Defendants, jointly and severally, comes to $5,699 as of the date of this Opinion and Order. As to the additional $1,000 judgment against Defendants Marracci Temple and Grenadier Lounge, the combined interest comes to $91.37 to date.

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on November 7, 2008.

                s/Susan Jefferson
                Case Manager